## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Commonwealth of Virginia

v.

Roosevelt West, Jr.

January 4, 1989

Case No. CR88-2789

By JUDGE H. CALVIN SPAIN

On December 22, 1989, a suppression hearing was held in the above-captioned matter. The Commonwealth presented the evidence of Officer Layton, an auxiliary Police Officer, with respect to the facts expected to be presented at trial. Thorough examination and cross-examination of the witness set forth the factual issues to be resolved. Additionally, counsel referred the Court to various legal citations. The Court advised that it would render a letter opinion after it had an opportunity to read the various citations.

After carefully considering *Simmons v. Commonwealth*, 217 Va. 552 (1977), *Terry v. Ohio*, 392 U.S. 1 (1968), and *Lansdown v. Commonwealth*, 226 Va. 204 (1983), the Court concludes that under the specific set of circumstances articulated by Officer Lincoln in this particular case, there *was not* any basis for the officer to be reasonably suspicious of the defendant within the meaning of Virginia Code Section 19.2-83. The mere fact that an individual chooses to sit for an "inordinate amount of time" in front of a Hop-in retail facility, in a parking lot otherwise open to the public, and thereafter displays no act to arouse the reasonable suspicions of the officer, simply does not warrant the actions of the officer. Even if it

is presumed that the officer had the right to stop the defendant while he was in the rear parking lot of the overall shopping center and to request his driver's license, registration, and other identification, once those documents were confirmed to be in order, any right to proceed further ceased. While the defendant's acts may have been bizarre from the perspective of the average person, the Constitution protects the privacy of an individual, and there is no reason for the intrusion of "big brother" interrogation. Absent some legal justification for the officer's conduct, the Court cannot now retroactively find justification for the stop, question, and search procedure.

Accordingly, the defendant's motion to suppress is sustained.